UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MIDWEST INSTITUTE OF HEALTH, PLLC, ) <br> d/b/a GRAND HEALTH PARTNERS, et al., ) <br> Plaintiffs, ) <br> ) <br> -v- ) <br> ) <br> GRETCHEN WHITMER, et al., ) <br> Defendants. ) <br> ) | No. 1:20-cv-414 <br><br> Honorable Paul L. Maloney |

## ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

This matter is before the Court on Defendants' motion for reconsideration (ECF No. 38). Plaintiffs oppose the motion (ECF No. 40). For the reasons to be explained, the Court will deny the motion.

A motion for reconsideration may be granted when the moving party demonstrates a "palpable defect" by which the Court and parties have been misled and a showing that a different disposition of the case must result from the correction of the mistake. W.D. Mich. LCivR 7.4(a). The decision to grant or deny a motion for reconsideration under this Local Rule is within the district court's discretion. *See Evanston Ins. Co. v. Cogswell Properties, LLC*, 683 F.3d 684, 691 (6th Cir. 2012) (citation omitted).

A motion for reconsideration is not an opportunity to present new arguments that could have been presented before the court issued its ruling, but an opportunity for the court to reconsider those arguments already presented. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *see also Evanston Ins.*, 683 F.3d at 692 (reviewing the district court's application of the palpable defect standard and upholding the

denial of the motion for reconsideration because the arguments advanced in the motion were not raised during the prior proceedings). Nor is a motion for reconsideration a second opportunity for a party to present "new explanations, legal theories, or proofs." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). This rule can only be overlooked "in exceptional cases," or when the rule would produce a "plain miscarriage of justice." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008) (quoting *Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir. 1993)).

Despite submitting briefs and presenting oral argument on the issue of whether to certify questions to the Michigan Supreme Court, no Defendant has raised the issue of Eleventh Amendment immunity as a bar to certification until the present motion for reconsideration. Thus, the Court would normally not consider the issue: the time to raise this argument has passed. *See Evanston Ins.*, 683 F.3d at 692; *Jinks*, 250 F.3d at 385.

However, the Court recognizes that "Eleventh Amendment issues are jurisdictional in nature." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). Once the Eleventh Amendment has been raised as a jurisdictional defect, the Court must address the issue before moving to the merits of the case. *Id.* Accordingly, the motion for reconsideration presents an "exceptional case" such that the Court will consider it on the motion for reconsideration. *See Scottsdale Ins.*, 513 F.3d at 552.

"The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). Suits brought against state officials in their official capacity are equivalent to suits against the state itself. *See Kentucky v. Graham*, 473

U.S. 159, 166 (1985); *Cady v. Arenac County*, 574 F.3d 334, 342 (6th Cir. 2009). Plaintiffs bring this case against Defendants solely in their official capacities, so the Defendants may be sheltered from suit by the Eleventh Amendment.

The Eleventh Amendment provides broad constitutional immunity to state actors, but the Supreme Court has long recognized an exception for forward-looking injunctive relief: federal courts may enjoin state officials from the future enforcement of state legislation that violates federal law. *Ex parte Young*, 209 U.S. 123, 159-60 (1908). However, the "purposes of *Ex parte Young* do not apply to a lawsuit designed to bring a State into compliance with *state law*." *Ernst v. Rising*, 427 F.3d 351, 368 (2005); see also *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 106. It follows that state officials enjoy Eleventh Amendment immunity for all lawsuits that bring state-law claims against state officials in federal court, whether the claims are monetary or injunctive in nature. *Id*; see also *Freeman v. Michigan Department of State*, 808 F.2d 1174, 1179 (6th Cir. 1987).

Plaintiffs do seek prospective injunctive relief: they wish to enjoin Defendants from enforcing the "Stay at Home" executive orders that are still in place in Michigan. But they do so, in part, by requesting that this Court bring Defendants in line with Michigan law, not federal law. In Count I, Plaintiffs request a declaration that all executive orders Governor Whitmer has issued since April 30, 2020 are unlawful exercises of authority under state law. In Count II, Plaintiffs request a declaration that all executive orders Governor Whitmer has issued regarding the pandemic, regardless of timing, are unlawful because she has justified them with two state laws that are unconstitutional delegations of legislative authority under the Michigan constitution. In these two Counts, Plaintiffs seek to bring Defendants in line

3

with Michigan law and the Michigan constitution. Plaintiffs have brought two state-law claims against state officials in federal court. Accordingly, Defendants may be entitled to Eleventh Amendment immunity on Counts I and II.

But the Eleventh Amendment does simply not provide an exit ticket on Defendants, to be shown at any time during litigation. States may waive their Eleventh Amendment immunity by their conduct in federal court. *Lapides v. Board of Regents of the University System of Georgia*, 535 U.S. 613, 618 (2002). The waiver doctrine prevents states from selectively invoking immunity "to achieve unfair tactical advantages." *Id.* at 621. Evaluating whether the state has waived its Eleventh Amendment immunity is a case-specific analysis, focused on the whole of the state's conduct in the litigation.

The Sixth Circuit has held that Eleventh Immunity was waived when the state "engaged in extensive discovery and then invited the district court to enter judgment on the merits. It was only after judgment was adverse to the State that it revealed that it had its fingers crossed behind its metaphorical back the whole time." *Ku v. State of Tennessee*, 322 F.3d 431, 435 (6th Cir. 2003). That conduct – appearing without objection and defending the case on the merits – was sufficient to waive the state's defense of Eleventh Amendment immunity, and Tennessee could not raise it post-judgment. *Id.* Similarly, the Ninth Circuit has held that Eleventh Amendment immunity is waived where a state files an answer, moves for summary judgment, presents oral argument on the merits of the case, hears the Court's preliminary (adverse) findings, and then moves to dismiss on immunity grounds. *In re Bliemeister*, 296 F.3d 858, 862 (9th Cir. 2002). Again, that conduct was "clearly a tactical decision," and allowing the state "to assert sovereign immunity after listening to a court's substantive

4

comments on the merits of a case would give the state an unfair advantage when litigating suits." *Id.*

While the Court appreciates that this case is barely a month old, Defendants' statements and actions evidence an intent to waive their Eleventh Amendment immunity. In the face of Plaintiffs' motion for a preliminary injunction, the Defendants filed a combined 107 pages of briefing. Defendants Whitmer and Gordon raised multiple abstention doctrines, but in the alternative, presented arguments on the merits of Counts I and II (*See* ECF No. 20 at § III.B). There is no mention of Eleventh Amendment immunity. Defendant Nessel argued that the case was moot, but in the alternative, addressed the merits of Counts I and II (*See* ECF No. 15 at § I.B.1). She makes no mention of Eleventh Amendment immunity.

In early June, the Defendants filed lengthy motions to dismiss. Again, Defendants Whitmer and Gordon make multiple arguments that this Court should not adjudicate the case, including abstention, ripeness, mootness, standing, and issues with supplemental jurisdiction (ECF No. 35-1). However, this motion contains only a passing reference to the Eleventh Amendment to state that Plaintiffs are not entitled to money damages (*Id.* at § I.A). And again, the motion makes arguments on the merits of Counts I and II (*Id.* at § III.A). Defendant Nessel presents a similar motion to dismiss, arguing that there are several reasons why this Court should not adjudicate the case, but like the other Defendants, makes only a passing reference to the Eleventh Amendment as it relates to money damages (ECF No. 27 at § IV.B).

At the Court's invitation, all parties filed briefs regarding the certification of issues of state law to the Michigan Supreme Court. In their opposition to certification, Defendants Whitmer and Gordon argued that the case was moot or non-justiciable but did so without invoking the Eleventh Amendment (ECF No. 33). Similarly, Defendant Nessel argued that the case was moot, or that the case should be held in abeyance, but did not invoke Eleventh Amendment immunity (ECF No. 34). When the Court heard argument on the certification issue, Defendants appeared without objection. They made several arguments against certification and offered several options to the Court: dismiss Counts I and II with prejudice because they were moot, not yet ripe, or Plaintiffs lacked standing; dismiss Counts I and II without prejudice to allow Plaintiffs to file those claims in Michigan Courts; hold Counts I and II in abeyance pending resolution of the issues in the Michigan Courts; or hold the entire case in abeyance pending the same. At no time during the hearing did any Defendant claim they were entitled to Eleventh Amendment immunity on Counts I and II. At the close of the hearing, the Court indicated that it would certify the questions presented in Counts I and II to the Michigan Supreme Court and that a written opinion would issue. The following day, Defendants brought this motion for reconsideration, raising Eleventh Amendment immunity for the first time.

As in *Ku* and *Bliemester*, the Defendants have waited until after they received an unfavorable decision from the Court to raise the Eleventh Amendment as a defense. By the Court's count, the Defendants have put forth at least seven different arguments as to why this Court does not have jurisdiction over, or should not exercise its jurisdiction to hear, Counts I and II. Defendants have also repeatedly put forth alternative arguments on the merits of

6

Counts I and II. And perhaps most telling, Defendants have repeatedly asked this Court to postpone the exercise of its jurisdiction over Counts I and II until the Michigan Courts can resolve the question. At that point, they say, the Court can proceed to adjudicate this case. But when the Court attempted to do just that by certifying questions of law to the Michigan Supreme Court, Defendants suddenly invoked Eleventh Amendment Immunity.

Unlike *Ku* and *Bliemester*, this case has not lingered on the Court's docket for months, nor has it proceeded through discovery or extensive motion practice. However, given the rapidly changing circumstances that underpin this case, as well as the gravity of the issues presented, the case has progressed quickly and voluminously.[1]

Given the totality of the circumstances, the Court finds that Defendants have waived their Eleventh Amendment immunity. Despite filing multiple briefs urging the Court not to hear Counts I and II, Defendants did not assert the Eleventh Amendment until after receiving an apparently unfavorable decision on June 10, 2020. At that point, they decided they wanted out and invoked the Eleventh Amendment. Defendants selectively, belatedly invoked Eleventh Amendment immunity to "achieve unfair tactical advantages." *Lapides*, 535 U.S. at 621. Therefore, the Court finds that defendants have waived their Eleventh Amendment immunity. Accordingly,

---

[1] In 30 days, the parties have filed over 2,000 pages of briefing and exhibits.

**IT IS HEREBY ORDERED** that Defendants' motion for reconsideration (ECF No. 38) is **DENIED.**

**IT IS SO ORDERED.**

Date: June 16, 2020              /s/ Paul L. Maloney
                                Paul L. Maloney
                                United States District Judge