UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIDWEST INSTITUTE OF HEALTH, PLLC, )
d/b/a GRAND HEALTH PARTNERS, et al., )
            Plaintiffs, )
                                )    No. 1:20-cv-414
-v-                                     )
                                )    Honorable Paul L. Maloney
GRETCHEN WHITMER, et al., )
            Defendants. )
                                )

## OPINION

This case presents extremely important issues of Michigan state law. The issues presented here, however, have never been considered by the Michigan Court of Appeals or the Michigan Supreme Court. This Court notified the parties that it was considering certifying two questions to the Michigan Supreme Court on May 28, 2020 (*See* ECF No. 23). The Court held a hearing on June 10, 2020 and heard argument on the issue. For the reasons to be explained, the Court will certify the following questions to the Michigan Supreme Court:

1. Whether, under the Emergency Powers of the Governor Act, MCL § 10.31, *et seq.*, or the Emergency Management Act, MCL § 30.401, *et seq.*, Governor Whitmer has the authority after April 30, 2020 to issue or renew any executive orders related to the COVID-19 pandemic.

2. Whether the Emergency Powers of the Governor Act and/or the Emergency Management Act violates the Separation of Powers and/or the Non-Delegation Clauses of the Michigan Constitution.

As a preliminary matter, Defendants argue that certification is not proper at this juncture because Plaintiffs' claims are completely moot. The Court disagrees. Certainly, the primary relief Plaintiffs requested – the repeal of EO 2020-17 – has occurred. However, the

remainder of the relief Plaintiffs request may still be granted to them. Throughout the complaint, Plaintiffs challenge the "Stay at Home" orders issued by Governor Whitmer.[1] In Count I, Plaintiffs allege that the Stay at Home orders are unlawful exercises of authority under state law; in Count II, Plaintiffs allege that the Stay at Home orders are unenforceable because they are based on impermissible delegations of legislative authority. Thus, the question of the Stay at Home orders' legality lingers as long as the Stay at Home orders remain in place.

Moreover, while Plaintiffs have been allowed to reopen their healthcare businesses to some degree, EO 2020-114 places 15 new workplace safety requirements on healthcare facilities, including limiting the number of appointments Plaintiffs can schedule daily. While Plaintiffs did volunteer to put in place some protective practices (*see, e.g.*, Complaint at ¶ 32), they did not volunteer to operate at a limited capacity. The Governor is still placing restrictions on Plaintiffs and as above, the Plaintiffs have challenged the validity of the executive orders propagating those restrictions. Given the continued restrictions on Plaintiffs' ability to operate and the ongoing challenge to the validity of the Stay at Home executive orders, the Court finds that the case is not moot at this time.

The process of certification is governed by two court rules: Local Civil Rule 83.1 and Michigan Court Rule 7.208. Local Civil Rule 83.1 provides:

> Certification of issues to state courts - Upon motion or after a hearing ordered by the judge sua sponte, the court may certify an issue for decision to the highest court of the state whose law governs any issue, claim or defense in the case. An order of certification shall be accompanied by written findings that: (a) the issue certified is an unsettled issue of state law; (b) the issue certified will

---

[1] At the time the Complaint was filed, Plaintiffs challenged EO 2020-77. That order has since been rescinded and replaced multiple times. At the time of writing, the operative "Stay at Home" order is EO 2020-115.

> likely affect the outcome of the federal suit; and (c) certification of the issue will not cause undue delay or prejudice. The order shall also include citation to authority authorizing the state court involved to resolve certified questions. In all such cases, the order of certification shall stay federal proceedings for a fixed time, which shall be subsequently enlarged only upon a showing that such additional time is required to obtain a state court decision. In cases certified to the Michigan Supreme Court, in addition to the findings required by this rule, the court must approve a statement of facts to be transmitted to the Michigan Supreme Court by the parties as an appendix to briefs filed therein.

W.D. Mich. L. Civ. R. 83.1. The relevant portion of the Michigan Court Rule provides:

> (a) When a federal court, another state's appellate court, or a tribal court considers a question that Michigan law may resolve and that is not controlled by Michigan Supreme Court precedent, the court may on its own initiative or that of an interested party certify the question to the Court.
> (b) A certificate may be prepared by stipulation or at the certifying court's direction, and must contain
>     (i) the case title;
>     (ii) a factual statement; and
>     (iii) the question to be answered.
> The presiding judge must sign it, and the clerk of the federal, other state, or tribal court must certify it.

M.C.R. 7.308(A)(2).

Certifying an issue to a state supreme court is appropriate "when the question is new and state law is unsettled." *Sherwood v. Tennessee Valley Authority*, 925 F. Supp. 2d 906, 916 (quoting *Pennington v. State Farm Mutual Auto. Ins. Co.*, 553 F.3d 447, 449-50 (6th Cir. 2009)). Moreover, submitting uncertain questions of state law to a state's highest court "acknowledges that court's status as the final arbiter on matters of state law and avoids the potential for 'friction-generating error' which exists whenever a federal court construes a state law in the absence of any direction from the state courts." *Planned Parenthood of Cincinnati Region v. Strickland*, 531 F.3d 406, 410 (6th Cir, 2008) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 79 (1997)).

In the Court's judgment, the three requirements for certification set out in Local Rule 83.1 are met. The parties do not dispute that the issues to be certified are unsettled questions of state law, nor does any party argue that certification would cause undue delay or prejudice. The parties disagree about whether the issues to be certified will likely affect the outcome of this suit.

The issues to be certified are, essentially, Counts I and II of the complaint. The parties acknowledge that if Plaintiffs do succeed on either Count I or Count II, the Court need not evaluate the remainder of Plaintiffs' claims (which are all constitutional claims). Defendants Whitmer and Gordon argue that it is unlikely that the case will be completely resolved on the state law issues, because for Plaintiffs to succeed on Counts I and II, a Court would have to find that Governor Whitmer's COVID-19 related executive orders issued since April 30, 2020 violate the EPA, the EPGA, *and* the Michigan Constitution. In these Defendants' eyes, the likelihood of Plaintiffs winning on all three grounds is slim, so the Court will eventually be required to address the federal constitutional claims anyway.

What these Defendants have failed to consider is the doctrine of constitutional avoidance. The Court is required to consider issues of state law that may resolve a case before reaching questions of constitutional law because the Court must avoid evaluating purely hypothetical constitutional questions. See *Torres v. Precision Industries, Inc.*, 938 F.3d 752, 756-57 (6th Cir. 2019). Put differently, even if Plaintiffs' chance of succeeding on Count I or Count II is slim, a victory on either count would relieve the Court from evaluating the remainder of the complaint and the constitutional claims presented therein. This requires the Court to consider the questions presented in Count I and Count II before reaching any

4

other claims. Put differently, the state law issues are not only likely to affect the outcome of the suit; they are certainly going to affect the outcome because they must be decided before an outcome will be reached.

Having determined that this Court must interpret Michigan statutes that have never before been interpreted by the Michigan Courts, the Court is guided by the Supreme Court's instruction to employ certification. If the "unconstrued state statute is susceptible of a construction by the state judiciary 'which might avoid in whole or in part the necessity for federal constitutional adjudication, or at least materially change the nature of the problem,' " the Supreme Court has held that district courts should utilize the certification process. *Bellotti v. Baird*, 428 U.S. 132, 146-47 (1976) (quoting *Harrison v. NAACP*, 360 U.S. 167, 177 (1959)). Therefore, the Court finds that certification is appropriate and that all three requirements for certification set out in the Local Rule are met.

Finally, the Court emphasizes the considerations of comity and federalism, which caution federal courts from "needlessly addressing questions of state law and deciding state-law issues of first impression." *Lozada v. Dale Baker Oldsmobile, Inc.*, 145 F. Supp 2d 878, 895 (W.D. Mich. 2001). The "last word" on interpretations of state law belongs with the State Supreme Court, not the federal district court. *See Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 499-500 (1941). Thus, rather than interpret a novel question of state law for the first time – particularly a question of state law that might affect every citizen in the state of Michigan – this Court turns to the ultimate authority on what Michigan law is: the Michigan Supreme Court. Additionally, the guidance sought today prevents this Court from overstepping its role, eliminates the risk that this Court interprets the relevant state law

5

6

differently than the Michigan Supreme Court might, and eliminates the risk of conflicting federal and state decisions.

In sum: this case has not been rendered moot. The factors for certification set out in Local Rule 83.1 are met. And the principle of federalism virtually requires this Court to certify these questions to the Michigan Supreme Court. Therefore, the Court will enter an order certifying the two identified questions of law to the Michigan Supreme Court and hold this case in abeyance until that court reaches a decision on the matter.

An order will be entered consistent with this opinion.

**IT IS SO ORDERED.**

Date: June 16, 2020                                  /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge