IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIDWEST INSTITUTE OF HEALTH,
PLLC, d/b/a GRAND HEALTH PARTNERS,
WELLSTON MEDICAL CENTER, PLLC,
PRIMARY HEALTH SERVICES, PC, and
JEFFERY GULICK,

        Plaintiffs,

vs.

GRETCHEN WHITMER, in her official capacity as Governor of the State of Michigan, DANA NESSEL, in her official capacity as Attorney General of the State of Michigan, and ROBERT GORDON, in his official capacity as Director of the Michigan Department of Health and Human Services,

        Defendants.

Case No. 1:20-cv-00414

Hon. Paul L. Maloney

**JOINT STATUS REPORT REGARDING EFFECT OF MICHIGAN SUPREME COURT'S RULING IN *IN RE CERTIFIED QUESTIONS***

James R. Peterson (P43102)
Stephen J. van Stempvoort (P79828)
Amy E. Murphy (P82369)
MILLER JOHNSON
Co-counsel for Plaintiffs
45 Ottawa Avenue SW, Suite 1100
Grand Rapids, Michigan 49503
(616) 831-1700
petersonj@millerjohnson.com
vanstempvoorts@millerjohnson.com
murphya@millerjohnson.com

Patrick J. Wright (P54052)
Mackinac Center Legal Foundation
140 W Main St.
Midland, Michigan 48640-5156
Co-counsel for Plaintiffs
(989) 631-0900
wright@mackinac.org

Ann M. Sherman (P67762)
Deputy Solicitor General
Rebecca Berels (P81977)
Assistant Attorney General
Attorneys for Defendant Nessel
Michigan Dep't of Attorney General
P.O. Box 30212
Lansing, MI 48909
(517) 335-7628
shermana@michigan.gov
berelsr1@michigan.gov

Christopher M. Allen
Joshua O. Booth
John G. Fedynsky
Joseph T. Froehlich
Assistant Attorneys General for
Defendants Witmer and Gordon
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
Allenc28@michigan.gov
Buthj2@michigan.gov
fedynsky@michigan.gov
Froehlichj1@michigan.gov

The Court has requested that the parties file a joint status report addressing the following issues:

> 1. Whether the claims asserted in the Plaintiffs' complaint are viable in light of the Michigan Supreme Court's decision in *In re Certified Questions From United States Dist. Court, W. Dist. of Mich.*, ___ N.W.2d ___, No. 161492, 2020 WL 5877599 (Mich. Oct. 2, 2020), and the fact that the Governor's executive orders have been set aside; and
>
> 2. What relief, if any, is available to Plaintiffs post-*Certified Questions*.

(Order, RE 51, PageID.2279-2280).

The parties' positions on these issues are as follows:

### I. Plaintiffs' position:

As a threshold matter, the Defendants filed two separate appeals in the Sixth Circuit, challenging this Court's June 16, 2020 order denying their motion to reconsider its decision to certify the issues of state-law to the Michigan Supreme Court. (Appeal No. 20-1611 and Appeal No. 20-1650). Although the Plaintiffs have filed a motion to dismiss both appeals as moot (given that the certified questions have already been answered), those appeals currently remain pending. The Plaintiffs believe that proceedings in the district court should be stayed until the Sixth Circuit resolves the Plaintiffs' motions to dismiss the pending appeals.

The Plaintiffs also agree that the substantive claims that are pending in the district court are now moot, because the Michigan Supreme Court's decision in *In re Certified Questions* accepted the Plaintiffs' argument that the Defendants could not issue or rely upon executive orders related to the COVID-19 pandemic after April 30, 2020.

Once this Court enters an order dismissing this action as moot, the Plaintiffs intend to file a motion in the district court for their attorney fees under 42 U.S.C. § 1988. Because the

1

Michigan Supreme Court's decision in *In re Certified Questions* resolved the certified questions favorably to the Plaintiffs and provided the Plaintiffs with the relief that they sought in their federal constitutional claims (Counts III through VI of the complaint), the Plaintiffs are prevailing parties on their federal-law claims for purposes of § 1988. *See Exeter-West Greenwich Reg'l Sch. Dist. v. Pontarelli*, 788 F.2d 47, 49 (1st Cir. 1986) (affirming an award of attorney fees under 42 U.S.C. § 1988 when the Rhode Island Supreme Court answered a certified question on state law grounds that mooted the federal constitutional claims in the complaint). *See generally Maher v. Gagne*, 448 U.S. 122, 132-33 (1980); *Miller v. Caudill*, 936 F.3d 442, 447 (6th Cir. 2019) (awarding attorneys' fees under § 1988 after lawsuit was mooted); *Planned Parenthood Sw. Ohio Region v. Dewine*, 931 F.3d 530, 541 (6th Cir. 2019) (same). *See also Brown v. Local 58, Int'l Bhd. of Elec. Workers*, 76 F.3d 762, 766–67 (6th Cir. 1996) (district court has jurisdiction to consider fee award after dismissal of complaint).

After the pending appeals are resolved, this Court should enter an order dismissing this action as mooted by the Michigan Supreme Court's decision in *In re Certified Questions*, which resolved the certified questions favorably to the Plaintiffs. The Plaintiffs will then file a motion seeking attorneys' fees under § 1988.

## II.     Defendants' position:

Defendants respectfully maintain that Plaintiffs do not have and never had any viable federal or state claims.  For the reasons stated in support of their pending motions to dismiss, including justiciability and failure to state a claim, this case should be dismissed.  Under applicable Eleventh Amendment immunity, supplemental jurisdiction over the state law claims should never have been exercised.  And Plaintiffs appear to concede that they currently seek no substantive relief in this forum.  With that being said, Defendants do not object to a stay of trial court proceedings pending resolution of the appeals.  Once the stay is lifted, the Court should

decide any threshold issues of justiciability and Eleventh Amendment immunity if necessary and then apply *In re Certified Questions* to whatever claims remain, if any.  (Indeed, Plaintiffs have indicated to the Sixth Circuit that if it dismisses the appeal then this Court would resolve the pending motions to dismiss, including questions of Eleventh Amendment immunity.)  Finally, Plaintiffs' exposition of the issue of attorney fees is, among other things, premature.

Dated:  December 1, 2020  By /s/  *James R. Peterson*
    James R. Peterson (P43102)
    Stephen J. van Stempvoort (P79828)
    Amy E. Murphy (P82369)
    Miller Johnson
    Co-counsel for Plaintiffs
    45 Ottawa Avenue SW, Suite 1100
    Grand Rapids, Michigan 49503
    (616) 831-1700
    petersonj@millerjohnson.com
    vanstempvoorts@millerjohnson.com
    murphya@millerjohnson.com

    Patrick J. Wright (P54052)
    Mackinac Center Legal Foundation
    Co-counsel for Plaintiffs
    140 W Main St.
    Midland, Michigan 48640-5156
    (989) 631-0900
    wright@mackinac.org

By /s/  *John Fedynsky*
    John Fedynsky (P65232)
    Joseph T. Froehlich (P71887)
    Assistant Attorneys General
    Attorneys for Defendants Whitmer & Gordon
    State Operations Division
    P.O. Box 30754
    Lansing, MI 48909
    517.335.7573

By */s/ Ann M. Sherman*
Ann M. Sherman (P67762)
Deputy Solicitor General
Rebecca Berels (P81977)
Assistant Attorney General
Attorneys for Defendant Nessel
Michigan Dep't of Attorney General
P.O. Box 30212, Lansing, MI 48909
(517) 335-7628